**GARRETSON LUMBER CO v ZIEMKE et**

Ohio Appeals, 6th Dist, Erie Co

No 363. Decided Oct 9, 1931

A. F. Weichel, Sandusky, for plaintiff in error.

Henry Harl, Sandusky for defendant in error.

BY THE COURT

Some claim is made that H. A. Ziemke is entitled to claim the fund as exempt from execution. He can not do so upon the ground that the money is due him as personal earnings for the reason that it is due him on a contract between himself as sub-contractor and Beaver & Morris, Inc. By the terms of this contract H. A. Ziemke, for the sum of $825.00, undertook to do mason work involving the use of labor and materials in connection with the construction of a water softening plant. It is therefore apparent that the balance due him under this contract was not due him for work and labor performed or personal services.

We also call attention to the fact that under the authority of **Morris Plan Bank vs. Vions, 122 Oh St, 28,** a judgment debtor, not the owner of a homestead, can not select property as exempt from levy and sale in lieu of a homestead under the provisions of §11738 GC, from money, salary or wages due him from any person, partnership or corporation.

Upon retrial of the case the court may determine what part of the fund H. A. Ziemke is entitled to and what part of it belongs to laborers working for him in performance of the contract between him

and Beaver & Morris, Inc., and the laborers may be made parties to the suit in order that the matter may be fully determined.

For these reasons the judgments will be reversed and the cause remanded for a new trial.

Judgment reversed.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.